THE EAST ST. LOUIS AND CARONDELET RAILWAY COMPANY

*v.*

JOHN EISENTRAUT.

*Filed at Mt. Vernon June 13, 1890.*

WATER-COURSE—*diverting from its natural channel—liability for dam-ages resulting.*   Where a railway company diverts the flow of a water-course from its natural channel, and conducts it through a ditch to a point where it overflows the land of another, the company will be liable for such damages as result therefrom.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding.

Mr. A. S. WILDERMAN, for the appellant:

The plaintiff's lands being lower than the lands where the water from the springs fell, and where the defendant's railroad track was situated, it was the servient heritage, and was sub-ject to the burdens incident to that position.   *Anderson* v. *Henderson,* 124 Ill. 164; *Groff* v. *Ankenbrandt,* id. 51; *Peck* v. *Herrington,* 109 id. 611; *Mellor* v. *Pilgrim,* 7 Bradw. 306; *Abbott* v. *Railroad Co.* 83 Mo. 271.

As a result of the foregoing, if the water from the clouds or from the bluffs at and near the Falling Springs was greater in volume at the time of extraordinary freshets than the Fall-ing Springs branch would carry off, and it spread out upon the lands there, which were higher than the plaintiff's, and would, under such circumstances, necessarily flow in the direc-tion of and upon the plaintiff's land, then it was surface water, and upon the facts in this case the defendant was not liable. *Kaufman* v. *Griesemer,* 26 Pa. St. 407; *Peck* v. *Herrington,* 109 Ill. 611; *Goodale* v. *Tuttle,* 29 N. Y. 459; *Butler* v. *Peck,* 16 Ohio St. 335; *Gannon* v. *Hargadon,* 10 Allen, 106; *Shane* v. *Railroad Co.* 71 Mo. 237; *McCormick* v. *Railroad Co.* 57 id.

433; *Abbott* v. *Railroad Co.* 83 id. 271; *Gormley* v. *Sanford,* 52 Ill. 160; *Hoard* v. *Des Moines,* 62 Iowa, 326.

The overflow of the plaintiff's lands complained of here, was the result of an extraordinary natural event,—it was a rainfall of such magnitude and duration as to render the water which fell and accumulated, uncontrollable by either the defendant or any one else, and being so, was *vis major. Nugent* v. *Smith,* 1 C. P. Div. 423 (17 Eng. 330); *Williams* v. *Grant,* 1 Conn. 487; *Nitro Phosphate Co.* v. *London D. Co.* 9 Ch. Div. 503; *Railroad Co.* v. *Gilleland,* 56 Pa. St. 445; *Railroad Co.* v. *School District,* 96 id. 65; *Railway Co.* v. *Brigham,* 29 Ohio St. 374.

Mr. W. C. Kueffner, for the appellee:

While the owner of lower lands shall receive all water that naturally flows from the next higher lands, the owner of the higher lands may not open or remove natural barriers, and let on such lower lands water that would not otherwise naturally flow in that direction. *Anderson* v. *Henderson,* 124 Ill. 164.

We concede the first proposition of appellant, that the servient heritage must bear the burdens incident to that position. But the burden which was thrown upon appellee's lands by appellant when it dug the ditch was not one of those incidents. Where a railroad company diverts the flow of surface water from its natural channel, and conducts it through a ditch it has made along its right of way, and empties it into a slough at a point where it overflows the land of another, the company may be liable for such damages as result from its own act. *Railroad Co.* v. *Glenney,* 118 Ill. 487.

A railroad company has no right, by artificial means, to obstruct the natural flow of water, and thereby force it in increased quantity upon the lands of another, and if it does so, it is liable for any injury the owner may sustain by reason thereof. *Railroad Co.* v. *Cox,* 91 Ill. 500; *Railroad Co.* v. *Morrison,* 71 id. 616.

The overflow of plaintiff's lands was not the result of an extraordinary natural event, but the result of the appellant's wrongful act.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by John Eisentraut against the East St. Louis and Carondelet Railway Company, to recover damages to the plaintiff's land and growing crops, caused by the diversion thereto by the defendant of the water from a certain natural watercourse. The declaration contains two counts, but the plaintiff, at the trial, relied and sought to recover upon the second count alone. That count alleges, in substance, that during all the month of May, 1887, and prior thereto, and from thence hitherto, the plaintiff was possessed of certain land in St. Clair county, near what is called "Falling Springs;" that there was then and there always had been a natural watercourse leading from said Falling Springs, not far from and past the plaintiff's said land, in which the water then and there naturally ran and always had been accustomed to flow; that the plaintiff was then and there cultivating his said land and raising thereon a crop of potatoes, corn and other agricultural products; that the defendant, prior thereto, to-wit, in the spring of the year 1887, unlawfully constructed a ditch from said natural watercourse, at a point close to said Falling Springs, towards the said land of the plaintiff, for the purpose of draining and diverting a part of the water which would naturally flow in said watercourse towards the said land of the plaintiff, and away from said natural watercourse; that in the month of May, 1887, while the plaintiff was the owner and possessed of said land, and was cultivating said crops thereon, heavy rains set in and a large quantity of water naturally flowed in said watercourse, and would have escaped and run off without damage to the plaintiff's said land or crops but for said ditch, but that said water was, by means of said ditch, diverted from its natural

course and was thereby conducted toward and upon the land of the plaintiff and the crops growing thereon, by means whereof the plaintiff's said land and growing crops were greatly damaged, and said crops totally destroyed.

The defendant pleaded not guilty, and at the trial, the jury found the defendant guilty and assessed his damages at $1000, and for that sum and costs the court, after denying the defendant's motion for a new trial, gave judgment in favor of the plaintiff. Said judgment has been affirmed by the Appellate Court on appeal, and the record is now brought here on appeal from the judgment of that court.

While the evidence given at the trial, particularly as to the sources of the water which flooded the plaintiff's land and destroyed his crops, is to a considerable degree conflicting, there was evidence tending to prove each of the several allegations of the second count of the declaration. The case made by the plaintiff's evidence is, in substance, that, at the time alleged in the declaration, the plaintiff was in possession of and cultivating a farm on what is known as the American Bottom, in St. Clair county, near the bluff, and a short distance from a large spring of water which issues from the bluff, known as Falling Springs, the water from which, prior to the construction of the defendant's railway, ran in a natural channel or watercourse and emptied into Prairie du Pont creek. In the year 1886, the defendant constructed its railway across said watercourse a short distance below said spring, and in doing so, dug a ditch along one side of its track running from said watercourse a considerable distance in the direction of the plaintiff's land, the bottom of the ditch being dug lower than the bottom of the watercourse. In the month of May, 1887, during heavy rains which then fell, large quantities of water which would, but for said ditch, have flowed and been carried off through said watercourse, were diverted therefrom by said ditch, and caused to run upon and flood the plaintiff's land, causing the damage complained of.

As contested questions of fact are not open for consideration here, we must assume that the case supported by the plaintiff's evidence is conclusively established. It follows that no theory as to the legal rights of the parties based upon those portions of the evidence which may have tended to disprove the case thus established are now material. We therefore pass, without comment, the elaborate argument of defendant's counsel as to the rights and burdens of dominant and servient estates in respect to the drainage of surface water not flowing in a natural watercourse, as that question is not now in the case. The second count of the declaration being proved, the rights of the plaintiff, unless there are other errors of law in the record, must depend solely upon whether the case made by that count is sufficient to warrant a recovery.

No question is now raised as to any ruling of the court during the progress of the trial or in the instructions to the jury, except the giving of the first instruction asked by the plaintiff, which was as follows:

"The court instructs the jury, that, if they believe, from the evidence, that the plaintiff has made out his case as set out in the second count of the amended declaration, then they should find for the plaintiff."

There was no error in this instruction. The sufficiency of said count follows from rules of law which have received repeated recognition by this court. Thus, in *C. & A. R. R. Co.* v. *Glenney*, 118 Ill. 487, we held that where a railroad company diverts the flow of surface water from its natural channel and conducts it through a ditch to a point where it overflows the land of another, it will be held liable for such damages as result therefrom. See also *J., N. W. & S. E. R. R. Co.* v. *Cox*, 91 Ill. 500; *T., W. & W. Ry. Co.* v. *Morrison*, 71 id. 616.

As no other question of law arises upon the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*